# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| STEPHEN M. FECK,<br>Plaintiff, | Civil Action No. 1:08-cv-720<br>Beckwith, J.<br>Hogan, M.J. |
| vs. | |
| DIA SEKOU MARI-JATA, et al.,<br>Defendants | **REPORT AND RECOMMENDATION** |

This matter is before the Court on the motion to dismiss of the United States of America, alleging it has been improperly named and sued in the name of its officers Dia Sekou Mari-Jata, Christie Green, and R.A. Mitchell (Doc. 4), plaintiff's memorandum in opposition (Doc. 5), and the United States' reply memorandum. (Doc. 6).

On August 26, 2008, plaintiff Stephen Feck filed a complaint against defendants Dia Sekou Mari-Jata, Christie Green, and R.A. Mitchell in the Clermont County, Ohio Court of Common Pleas seeking a "judicial determination" that several Notices of Federal Tax Liens filed by the defendants are invalid. (Doc. 2). The complaint alleges that defendant Dia Sekou Mari-Jata filed Notices of Federal Tax Liens on February 26, 1996, May 28, 1996, and July 26, 1996, and that defendants Christie Green and R.A. Mitchell filed a Notice of Federal Tax Lien on August 19, 1998, all with the Clermont County, Ohio Recorder. (Doc. 2, ¶¶13-14, 33-36). Plaintiff alleges that the filing of the Notices of Federal Tax Lien was improper because the Notices did not derive from a trial and the Internal Revenue Service has not obtained a judgment against him. (Doc. 2, ¶¶15-30). Plaintiff claims the filing of the Notices was unconstitutional under federal and state law. (Doc. 2, ¶¶37-44). He seeks an order declaring the Notices are "invalid, illegal and unconstitutional, with direction to have the County Recorder remove said

'Notices' from the record *ab initio*." (Doc. 2 at 11). Attached to the complaint are copies of the Notices of Federal Tax Liens at issue in the complaint. (Doc. 2, Exh. A).

On October 18, 2008, the defendants, agents of the Internal Revenue Service, by and through the United States, timely removed the action to this federal court pursuant to 28 U.S.C. §§ 1441, 1442 and 1446. (Doc. 1). The United States of America, asserting it is the real party in interest, seeks to dismiss the complaint on the basis of sovereign immunity, failure to state a claim upon which relief may be granted, and mootness. For the reasons that follow, the motion of the United States is well-taken and should be granted.

## I. Removal is appropriate.

As an initial matter, and contrary to plaintiff's contention (Doc. 5 at 2), removal of this matter from the state to federal court was appropriate. Plaintiff filed his complaint against employees of the United States who then removed this action pursuant to 28 U.S.C. § 1442. That provision provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof *or any officer (or any person acting under that officer)* of the United States or of any agency thereof, sued in an official or individual capacity for any act, under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1) (emphasis added). Defendants, as federal officers, met the only prerequisite for removal under § 1442. *Newhouse v. Hansen*, No. 5:06-cv-1731, 2006 WL 2583412, at *1 (N.D. Ohio Sept. 7, 2006) (citing *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1979)). Even where the federal

court would not otherwise have jurisdiction over the matter, the statute grants independent jurisdictional grounds for removal by federal officers. *Newhouse v. Hansen*, No. 5:06-cv-1731, 2006 WL 2583412, at *1 (N.D. Ohio Sept. 7, 2006) (citing *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 35 (2nd Cir. 1979)). Thus, removal of this action was authorized under § 1442 and this matter is properly before the Court.

## II. The United States is immune from suit.

It is clear from plaintiff's complaint that he is suing the individual federal agents in their official capacities. (Doc. 2, ¶¶33-36).[1] Plaintiff's complaint against the federal defendants in their official capacities is in effect a suit against the United States as the relief sought would in fact operate against the United States. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). A suit is deemed to be against the sovereign if the judgment sought would, among other things, "interfere with the public administration or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan*, 372 U.S. at 620 (internal citations omitted). *See also TransAmerica Assurance Corp. v. Settlement Capital Corp.*, 489 F.3d 256, 261 (6th Cir. 2007). The relief plaintiff seeks in this case–removal of the Notices of Federal Tax Liens from the records of the Clermont County Recorder–requires official action by the defendants in their official capacities as IRS agents. *See Segal v. C.I.R.*, 177 Fed. Appx. 29, 30 (11th Cir. 2006). *See also Smith v. Budd*, No. 3:00-cv-7728, 2001 WL 1512535, at *2 (N.D. Ohio Sept. 24, 2001) (suit to cancel IRS tax liens against IRS officer for actions performed in

---

[1] The Court also notes that neither the face of the complaint nor the "course of proceedings" test established by the Sixth Circuit in *Moore v. Harriman*, 272 F.3d 769 (6th Cir. 2001), indicates that plaintiff is suing the IRS agents in their individual capacities. Thus, the Court may generally assume that they were sued only in their official capacities. *See Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1990).

3

official capacity as an officer of the IRS is suit against United States) (and cases cited therein); *George v. Doe*, No. 2:01-cv-579, 2002 WL 193850, at *2 (S.D. Ohio Jan. 7, 2002) (United States proper party defendant where plaintiff seeks to restrain IRS employees from collecting tax revenue through filing of federal tax lien notices); *Todd v. Richards*, No. 94- 0377-CIV-Orl-18, 1995 WL 363358, at *2 (M.D. Fla. 1995) ("A suit against the IRS employees in their official capacities is, in essence, a suit against the United States."). Plaintiff may not avoid the bar of sovereign immunity by naming government officials, instead of the United States, as defendants. *See Grace v. Thomas*, No. 92-cv-70253, 2000 WL 206336, at *3 (E.D. Mich. Jan. 3, 2000) (citing *Dugan,* 372 U.S. at 620; *Vishevsky v. United States,* 581 F.2d 1249, 1255 (7th Cir. 1978)). Therefore, the case against the individual defendants should be dismissed, *see George v. Doe*, No. 2:01-cv-579, 2002 WL 193850, at *2 (S.D. Ohio Jan. 7, 2002), and the United States should be substituted as the real party in interest.

It is well settled that the United States may not be sued without its consent under the doctrine of sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538 (1980); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996). "'[T]he circumstances of [the waiver of sovereign immunity] must be scrupulously observed and not expanded by the courts.'" *Blakely*, 276 F.3d at 864 (quoting *Kokotis v. United States Postal Serv.,* 223 F.3d 275, 278 (4th Cir. 2000)). Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank,* 486 U.S. 549, 554 (1988); *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Plaintiff's complaint alleges violations of his constitutional rights by the federal defendant. However, neither the Constitution nor 28 U.S.C. § 1331 acts as a waiver of sovereign immunity. *Reed v. Reno*, 146 F.3d 392, 397 (6th Cir. 1998); *Jaffee v. United States*, 592 F.2d 712, 718 (3d Cir.), *cert. denied*, 441 U.S. 961 (1979). Nor has plaintiff cited to a statute which indicates the United States has waived its right to sovereign immunity in cases where a taxpayer is contesting the authority of the IRS to file certain federal tax liens. *See George v. U.S.*, No. 2:01-cv-579, 2002 WL 484700, at *4 (S.D. Ohio Feb. 22, 2002).

The United States in its motion notes that under 28 U.S.C. § 2410(a) the United States may be made a party in a civil action in federal or state court to quiet title to real or personal property where the United States has claimed a lien upon such property. While the United States has waived its sovereign immunity for quiet title actions under 28 U.S.C. § 2410(a), the procedures for naming the United States in a quiet title action are outlined in § 2410(b). As it pertains to this case, the waiver requires that in actions in the State courts "service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought . . . and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia." 28 U.S.C. § 2410(b). It is undisputed that plaintiff has failed to satisfy the requirements of § 2410(b) in this regard. "[T]he failure to make service complying with section 2410(b) deprives the court of jurisdiction over an action involving a lien of the United States." *Marriage of Foust v. Foust*, No. IP 96-0196-C-T/G, 1997 WL 1037872, at *3 (S.D. Ind. July 9, 1997) (citing *United States v. Rockland Trust Co.*, 860 F. Supp. 895 (D. Mass. 1994); *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F. Supp. 197

(S.D. Miss. 1993); *United States v. McNeil*, 661 F. Supp. 28 (E.D. Ky. 1987); *but see United States v. Dansby*, 509 F. Supp. 188 (N.D. Ohio 1981). *See also Fairchild v. I.R.S.*, 450 F. Supp.2d 654, 657 (M.D. La. 2006) ("section 2410 demands service upon the United States attorney and the U.S. Attorney General"); *U.S. v. Aultman*, No. Civ. A. 04-1153, 2006 WL 544401, *3 (W.D. Pa. March 6, 2006) ("nothing short of statutory notice according to § 2410 will suffice"). Where the procedural requirements of § 2410(b) have not been satisfied, the United States has not waived its sovereign immunity. *Fairchild*, 450 F. Supp.2d at 657; *Foust*, 1997 WL 1037872, at *4. In the absence of a waiver of sovereign immunity, the Court lacks subject-matter jurisdiction over the claim against the United States and dismissal is required. *Mitchell*, 445 U.S. at 538. Because plaintiff has failed to satisfy the prerequisites for waiver of the United States' sovereign immunity under § 2410(b), this matter should be dismissed.

### III. The complaint fails to state a claim for relief.

Even assuming, *arguendo*, that plaintiff had complied with the terms of § 2410(b) to waive the sovereign immunity of the United States, the complaint should nevertheless be dismissed for failure to state a claim upon which relief may be granted.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) (citations omitted).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept

as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). In *Twombly,* the Supreme Court explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 127 S.Ct. at 1969.[2] The plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405-06 (6th Cir. 1998) ("court need not accept as true legal conclusions or unwarranted factual inferences"). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir. 1997) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly,* 127 S.Ct. at 1965 (citations omitted). While the complaint need not contain "heightened fact pleading of specifics," it must provide "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* at 1974.

Plaintiff asserts the federal tax lien is invalid because the IRS did not obtain a judgment against him after a court trial. As explained by one court in a similar action:

---

[2]The *Twombly* Court made it plain that courts should no longer use the language of *Conley v. Gibson,* 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that which would entitle him to relief," when evaluating whether a complaint can withstand a dismissal motion. *Twombly,* 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. at 45-46).

> That argument misapprehends the function of the Notice of Federal Tax Lien. When a person refuses or neglects to pay a tax after the IRS makes demand for payment, a lien for the amount of the unpaid liability automatically arises against all property and rights to property belong to that person. 26 U.S.C. § 6321. The statutory lien in favor of the United States arises as of the date the liability is assessed. *Id.* § 6321. Although the lien attaches as of the assessment date, Congress has provided that the statutory lien will not be valid against certain classes of third party creditors until notice of the lien (i.e., a Notice of Federal Tax Lien ) has been filed by the Secretary of the Treasury or his delegate. *Id.* §§ 6323(a); 7701(a)(11)(B) ("The term 'Secretary' means the Secretary of the Treasury or his delegate."). Section 6323(a) directly authorizes the Secretary of the Treasury or his delegate to file Notices of Federal Tax Liens, without imposing any requirement that the United States first obtain a judicial order of foreclosure. That authorization makes sense, given the function of a Notice of Federal Tax Lien as an administrative tool to protect the United States' interest in a taxpayer's property, as against other specified creditors.

*Fairchild*, 450 F. Supp.2d at 657-658. The requirements for a federal tax lien under § 6323 include the following: (1) a person is liable to pay tax; (2) the government provides notice of liability and demands payment; and (3) the person neglects or refuses to pay.[3] Once the lien arises, the IRS is authorized to file Notices of Federal Tax Liens in order to preserve the priority of the federal tax lien. 28 U.S.C. § 6323(a), (f). There is no requirement that the government first obtain a judgment in state court or any other court. Plaintiff's complaint alleges no facts indicating he was not liable to pay taxes, did not receive proper notice or demand for payment, or that he paid the taxes owed. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed.

Finally, it appears that the tax liens for the years in question have been released. Attached

---

[3]"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

to the complaint are copies of the Notices of Federal Tax Lien for February 26, 1996, May 28, 1996, July 26, 1996, and August 19, 1998. Each Notice contains a provision governing release of the federal tax lien that states, "For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a)." (Doc. 2, Exh. A). The IRS states it did not re-file any Notices on or before April 8, 2008, the latest date listed in column (e) of any of the Notices of Federal Tax Liens. (Doc. 4 at 6). Accordingly, on April 9, 2008, at the latest, the Notice of Federal Tax Lien became the § 6325(a) certificate of release of these liens. "[A] certificate of release 'shall be conclusive that the lien referred to in such certificate is extinguished.'" *U.S. v. Rogers*, 558 F. Supp.2d 774, 789 (N.D. Ohio 2008). *See also Eastman v. U.S.*, No. 06-cv-1069, 2008 WL 899252, at *2 (W.D. Ark. March 31, 2008). Since these liens have been released by the IRS, any quiet title claim plaintiff may have regarding them is moot. Thus, the motion to dismiss should be granted on this basis as well.

### IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss be **GRANTED**.

2. Plaintiff's request for a remand to state court be **DENIED**.

3. This matter be terminated on the docket of the Court.

Date: 3/16/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

STEPHEN M. FECK,
Plaintiff,

vs.

DIA SEKOU MARI-JATA, et al.,
Defendants

Civil Action No. 1:08-cv-720
Beckwith, J.
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee |
| | B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Stephen M. Feck<br>1303 Betty Jane<br>Amelia, OH 45102 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8388 3677 |
| PS Form 3811, August 2001 | Domestic Return Receipt     102595-01-M-2509 |

1:08cv720   Doc. 7